**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**RANDOLPH JACK SOLO,**

**Plaintiff,**

**v.** **Case No.: 3:25-cv-00715**

**KROGER CO.,**

**Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Plaintiff Randolph Jack Solo's Motion to Dismiss. (ECF No. 13). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition.

Plaintiff initiated this action on December 4, 2025. (ECF No. 1). Defendant subsequently filed an Answer. (ECF No. 6). On June 24, 2026, the Court consolidated this action with *Solo v. Kroger*, Civil Action No. 3:26-cv-00398, which arose from the same alleged purchase and injury and involved substantially similar factual allegations. (ECF No. 7). The Court designated Civil Action No. 3:25-cv-00715 as the lead case and directed that all future filings be made in this action. *Id*. The Court further provided that all claims and defenses asserted in both actions would remain pending unless otherwise resolved by motion or further order. *Id*.

On August 25, 2026, Plaintiff filed the instant Motion, asking the Court to "completely dismiss this case—and all other related cases (e.g., cases being consolidated)—and to remove them from the docket." (ECF No. 13). Defendant responded

that it does not oppose dismissal of this action or the related consolidated action and requests that separate dismissal orders be entered in the two actions. (ECF No. 15). Although Defendant characterizes Plaintiff's Motion as seeking dismissal with prejudice, Plaintiff's Motion does not specify whether dismissal is sought with or without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides that, after an opposing party has served an answer or motion for summary judgment and absent a stipulation signed by all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, dismissal under Rule 41(a)(2) is without prejudice. *Id.* A motion for voluntary dismissal without prejudice generally should not be denied absent substantial prejudice to the defendant. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); *Davis v. USX Corp.*, 819 F.2d 1270, 1273–74 (4th Cir. 1987).

Here, Defendant has answered the complaints in both consolidated actions. (ECF No. 6); *Solo v. Kroger*, No. 3:26-cv-00398, ECF No. 4. Accordingly, Plaintiff may not voluntarily dismiss the actions without a court order. Defendant expressly does not oppose dismissal. (ECF No. 15). The actions remain in the early stages of litigation, no dispositive motion is pending, and Defendant identifies no prejudice that would result from dismissal without prejudice. Accordingly, the undersigned **FINDS** no basis to depart from Rule 41(a)(2)'s default and **FINDS** that dismissal without prejudice is appropriate.

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Motion to Dismiss, (ECF No. 13), be **GRANTED**; that Civil Action Nos. 3:25-

cv-00715 and 3:26-cv-00398 be **DISMISSED WITHOUT PREJUDICE**; and that both actions be **REMOVED** from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing/service) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the District Judge for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff, who is proceeding *pro se*, and to transmit a copy to counsel of record.

**ENTERED:** August 28, 2026

Omar J. Aboulhosn
United States Magistrate Judge